UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOCKLEAR,<br><br>    Plaintiff,<br><br>    v.<br><br>HEWLETT PACKARD COMPANY,<br><br>    Defendant. | No.  2:14-cv-02651 KJM-KJN<br><br><br>ORDER |

This matter is before the court on plaintiff's motion to amend the complaint, filed on May 29, 2015.  ECF No. 15.  Defendant has filed a non-opposition to the motion.  ECF No. 19.  For the following reasons, plaintiff's motion to amend is GRANTED.

I.     PROCEDURAL BACKGROUND

Michael Locklear ("plaintiff") commenced this action against Hewlett Packard Company ("defendant") on November 13, 2014.  Compl., ECF No. 1.  In the original complaint, plaintiff alleges various civil rights and employment discrimination claims, including: violation of the American with Disabilities Act, violations of the California Government Code, wrongful termination in violation of public policy, defamation, and others.  *See generally* Compl., ECF No. 1.  Plaintiff alleges he qualifies as a disabled person, suffering from "ADHD and a mental disability."  *Id*. ¶ 14.  Plaintiff further alleges that when defendant, plaintiff's employer, learned about plaintiff's disabilities, defendant engaged in adverse employment action, violated

1

plaintiff's civil rights, and caused "economic, consequential, and other damages" to plaintiff.  *Id.* at 2−5.  Plaintiff alleges administrative exhaustion with the Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing.  *Id.* ¶ 13.  In its answer, defendant denies plaintiff is entitled to any relief and raises affirmative defenses asserting failure to state a claim, expiration of the applicable statute of limitations, failure to exhaust, failure to mitigate, at-will employee doctrine, estoppel and others.  *See generally* ECF No. 6.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides, "[t]he court should freely give [leave to amend its pleading] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments."  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989.)  "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15−to facilitate decisions on the merits rather than on the pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several limitations.  Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."  *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted).  Not all the factors merit equal weight, and it is prejudice to the opposing party that carries the greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Generally, additional claims result in prejudice to a defendant when plaintiff has substantially delayed requesting leave to amend.  *See e.g.*, *United States v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d 1544, 1522−53 (9th Cir. 1994); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Further, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given plaintiff one or more opportunities to amend [its] complaint.'"  *Id.* at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

III.     ANALYSIS

First, there is no indication granting leave to amend will cause undue delay. Plaintiff timely filed his request and the discovery cutoff is January 29, 2016. ECF No. 11 at 2.

Second, there is no evidence plaintiff's motion to amend is sought in bad faith; rather, it is an attempt to address deficiencies. Plaintiff states leave should be granted because it will allow him to clarify and expand on the pleadings, request the proper damages, correct typographical and factual errors, and ultimately aid the trier of fact. ECF No. 15 at 2. Plaintiff additionally alleges that, "[s]ince filing the original complaint, Plaintiff's counsel learned of new facts supporting the claims and damages based on further investigation . . . that was not available at the time of filing the original complaint." *Id.* Thus, plaintiff moves to amend in the attempt to clarify his factual basis and legal theories.

Third, defendant will not be prejudiced by the court's granting leave to amend, as signaled by its non-opposition. The case is still in the discovery stage, and amendment will put defendant on notice of the more narrowly defined theories, providing it a better opportunity to raise defenses. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183. 187−188 (9th Cir. 1987) ("Given that this case is still at the discovery stage with no trial date pending. . . there is no evidence that [defendant] would be prejudiced by the timing of the proposed amendment."). Courts regularly grant leave to amend where, as here, amendment would cure deficiencies in the original complaint, and when it is the party's first motion to amend. *See, e.g.*, *Estate of Makarowsky ex rel. Gast. v. Lobdell*, 2012 WL 3877714 at *2. (W.D. Wash. 2012).

Lastly, amendment will not be an "exercise in futility." A court may determine that an amendment of a complaint is futile, and dismiss a claim with prejudice, if the pleadings could not possibly be cured by the allegations of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246−47 (9th Cir. 1990). Here, plaintiff seeks to furnish additional factual allegations and clarify claims for damages based on information previously unavailable at the time of the original filing. ECF No. 15 at 2. The new allegations do not
/////

eliminate the possibility of recovery. Amendment at this early stage is advantageous and leave to amend should be granted.

IV. <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion to amend the complaint is GRANTED.

IT IS SO ORDERED.

DATED: August 10, 2015.

_____
UNITED STATES DISTRICT JUDGE